UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



THOMAS VICTORIA,

            Petitioner,

v.

UNITED STATES OF AMERICA,

            Respondent.

07 Civ. 7911 (SCR)(GAY)

MEMORANDUM ORDER
ACCEPTING REPORT AND
RECOMMENDATION

**STEPHEN C. ROBINSON, United States District Judge:**

*Pro se* petitioner Thomas Victoria was sentenced for conspiracy to distribute cocaine on March 30, 2005. On or about August 1, 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On September 18, 2007, this case was referred to Magistrate Judge George A. Yanthis to issue a Report and Recommendation ("R&R") on Petitioner's § 2255 motion. Judge Yanthis issued the R&R on April 13, 2009, advising this Court to deny Petitioner's motion in its entirety because it is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Petitioner's objections were received on April 27, 2009. This Court now considers whether to adopt, modify or reject the R&R in light of Petitioner's objections.

**I.    STANDARD OF REVIEW**

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). Objections to an R&R "are to be specific and are to address only those

portions of the proposed findings to which the party objects." *Martinez v. Senkowski*, No. 02-CV-0009, 2008 WL 4501842, at *2 (S.D.N.Y. Sept. 29, 2008) (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the R&R only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003); *see also Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument.").

## II. DISCUSSION

Petitioner's objections to the R&R are best characterized as a reformulation of his original argument in favor of equitable tolling of the AEDPA deadline for filing a § 2255 motion on the basis that his attorney and the Court impeded his ability to make a timely filing. Because these objections are repetitive of Petitioner's original arguments, which were fully addressed in the R&R, this Court reviews the R&R for clear error only.

This Court has reviewed Judge Yanthis's comprehensive and well-reasoned R&R and has determined that there is no clear legal error on the face of the record. As an

initial matter the R&R establishes the standard for equitable tolling, which Petitioner agrees with. The R&R states that Petitioner is required to "establish that extraordinary circumstances prevented him from filing his petition on time and that he acted with reasonable diligence throughout the period he seeks to toll." R&R at 4 (citations and quotation marks omitted); see *Petitioner's Objections* at 2. Magistrate Judge Yanthis then concluded, pursuant to this standard and in consideration of Petitioner's attempts to obtain legal documents, that Petitioner's inability to obtain legal documents was neither an extraordinary circumstance nor was it a bar to the filing of a § 2255 motion and is therefore insufficient to form the basis of equitable tolling under the AEDPA. R&R at 4-5. This finding is not clearly erroneous and is hereby adopted.

As part of his objections, Petitioner asserts a new claim; that he is entitled to file his § 2255 motion because the Court failed to convert his February 21, 2006 letter into a § 2255 motion. *Petitioner's Objections* at 1-2. Petitioner's argument fails. The February 21, 2006 letter to the Court consists exclusively of a request for documents and fails to indicate any desire to appeal or to file a § 2255 motion. Moreover, it is within the sound discretion of this Court whether to construe a post-conviction motion as a § 2255 motion, and is by no means a requirement by which the Court is bound to act. There was no reason for this Court to have considered Petitioner's post-conviction letter as a motion for relief under § 2255. This alternative request for relief is therefore denied.

### III. CONCLUSION

Accordingly, the Court accepts Judge Yanthis's R&R in its entirety and denies Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.

§ 2255 in its entirety. The Clerk of the Court is directed to close the case and term any outstanding motions.

*It is so ordered.*

Dated: White Plains, New York
    January 20, 2010

                                                            Stephen C. Robinson, U.S.D.J.