UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                 :

UNITED STATES OF AMERICA,           :

                      - against -                            :          3-CR-532 (VSB)

                                                       :          **OPINION & ORDER**

THOMAS VICTORIA,                      :

                                        Defendant.   :
------------------------------------------------------------X

Appearances:

Thomas Victoria
72 Imperial Boulevard, Apt. 1105
Wappinger Falls, NY
*Pro Se Defendant*

Melissa A. Childs
United States Attorney's Office
New York, NY
*Counsel for the United States of America*

VERNON S. BRODERICK, United States District Judge:

       Before me is the motion of Thomas Victoria ("Victoria") to waive the fine imposed at sentencing. Because I do not have authority to modify his fine, Victoria's motion is DENIED.

       **I.**       **Factual Background and Procedural History**

       On March 31, 2005, Judge Stephen C. Robinson sentenced Victoria to 178 months' imprisonment, 5 years of supervised release, a $17,500 fine, and a $100 special assessment. (Doc. 171.) On October 20, 2014, this case was reassigned to me. On May 29, 2015, I resentenced Victoria pursuant to the 2014 Drug Guidelines Amendments. (Doc. 256.) I reduced Victoria's sentence from 178 months to 133 months, but ordered that "[e]xcept as otherwise provided, all provisions of [Victoria's original judgment] shall remain in effect," including the

$17,500 fine. (*Id.*) Victoria was released from prison on July 15, 2015, and from a halfway house on October 30, 2015. (*See* Doc. 298 ("Def.'s Mot.") ¶ 2).

On July 15, 2021, Victoria filed a pro se motion to waive the court-ordered fine. (Def.'s Mot.) Victoria says that he has been making payments of $30 per month since his release on October 30, 2015. (*See id.* ¶ 2.) Victoria says that while he had been working for a car dealership, the dealership shut down because of the COVID-19 pandemic, and he became unemployed and has had difficulty finding new work. (*See id.* ¶¶ 3, 4.) In addition, Victoria says he is caretaker for his elderly parents and young son. (*See id.* ¶ 4.) Victoria argues that the court-ordered fine has become a financial burden on him and his family. (*See id.*)

On May 4, 2022, the Government filed a response in opposition. (Doc. 300 ("Gov't's Opp.").) The Government says that as of May 4, 2022, Victoria had paid $2,310 of his fine, and his outstanding balance was $15,622.67 including interest. (*See id.* at 2.) The Government also says that Victoria provided updated financial information on April 28, 2022, including an "incomplete financial disclosure" indicating he has found new employment and has a net monthly income of $1,000. (*Id.* at 2 n.2.) The Government argues that Victoria "does not meet the statutory requirements for remission of his unpaid fine" because "[h]e is a 49-year-old employable man who has zero consumer debt, no past due bills on his credit report, and he has consistently made nominal payments toward the fine for the past 66 months." (*Id.* at 2–3.) Accordingly, the Government opposes Victoria's request. (*See generally id.*) Moreover, the Government argues that I "lack[] jurisdiction to remit the unpaid fine balance in this case" because the Government has not petitioned for such remission. (*Id.* at 3; *see also id.* at 2.)

On May 5, 2022, I told Victoria that if he intended to reply to the Government's opposition, he should do so by May 26, 2022. (Doc. 301.) Victoria did not file any reply or seek additional time to submit a reply.

## II. Discussion

### A. *Applicable Law*

"When a fine is an independent sentence term, rather than a condition of another portion of a criminal sentence, the district court may modify or remit the fine only upon a government petition pursuant to 18 U.S.C. § 3573." *United States v. Stonner*, 84 F. App'x 141, 142 (2d Cir. 2004). Section 3573 provides that, "[u]pon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties." 18 U.S.C. § 3573(1). "The Court does not have the authority to modify a fine *sua sponte*." *Ozsusamlar v. United States*, No. 10 CIV. 3455 RJH, 2011 WL 2119700, at *1 (S.D.N.Y. May 23, 2011). "A petition for remission of a fine may only be brought by the Government." *United States v. Caraballo*, No. 98 CR. 1316 (RWS), 2010 WL 176822, at *1 (S.D.N.Y. Jan. 19, 2010); *see also United States v. Martinez*, 281 Fed. Appx. 39, 41 (2d Cir. 2008) (holding the sentencing court may not modify a fine *sua sponte*).

### B. *Application*

Simply put, because the Government has not petitioned to remit Victoria's fine, I do not have the authority to consider his request. The law is clear that only the Government can petition for modification or waiver of a criminal fine. Here, the Government has not filed such a motion, and has instead opposed Victoria's motion. Therefore, I cannot grant Victoria's request.

### III. Conclusion

For the foregoing reasons, Victoria's motion to waive his court-ordered fine is DENIED. The Clerk of Court is respectfully directed to close the motion pending at Doc. 298 and mail a copy of this Opinion & Order to pro se Defendant at 72 Imperial Boulevard, Apt. 1105, Wappinger Falls, New York 12590.

SO ORDERED.

Dated: November 8, 2022
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge